UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF NEW YORK
-------------------------------------------------
In re

    STEVEN D. BOROWIEC                              07-04258 B

                      Debtor                    **DECISION & ORDER**
-------------------------------------------------

                          Mark J. Schlant, Esq.
                          404 Cathedral Place
                          298 Main Street
                          Buffalo, New York 14202
                          Attorney for the Trustee

                          Jeffrey Freedman Attorneys
                          Mark C. Laudisio, Esq., of counsel
                          Lee R. Terry, Esq., of counsel
                          424 Main Street, Suite 622
                          Buffalo, New York 14202-3593
                          Attorneys for the Debtor

Bucki, Chief U.S.B.J., W.D.N.Y

     The Chapter 7 trustee seeks to compel the debtor to turnover the value of funds which the debtor had on deposit in his checking account at the moment of his bankruptcy filing. The central issue of this dispute involves whether a post-petition disposition of assets in good faith will absolve the debtor of the duty to surrender property as required under 11 U.S.C. §521(a)(4).

     On or about October 15, 2007, Steven D. Borowiec delivered a check in the amount of $2,700 to the Town of Hamburg, New York, as payment of moneys due for real property taxes. Ultimately, the drawee bank posted this check against the account of Mr. Borowiec at 9 p.m. on October 17, 2007. Less than four hours earlier, however, at 5:21 p.m. on that same date, a petition for relief under Chapter 7 of the Bankruptcy Code was e-filed on behalf of Mr. Borowiec. In due course, the Office of the United States Trustee designated Mark J. Schlant to serve as the case trustee.

Contending that the moneys transferred to the Town of Hamburg were property of the bankruptcy estate, Trustee Schlant brings the present motion to compel the debtor to turnover a sum equal to the amount of the tax payment. The trustee further asks that the court extend the opportunity to object to discharge or to seek a dismissal of the case, until such time as the debtor will have satisfied various demands, including remittance of the sum of $2,700. The debtor responds that his tax payment should be treated as a pre-petition event that properly enhanced the value of his homestead. Alternatively, to the extent that the payment is deemed a post-petition transfer, the debtor asserts that the court should not compel him to deliver funds that he no longer possesses due to circumstances that he did not cause.

Section 521(a)(4) of the Bankruptcy Code imposes upon debtors the duty to "surrender to the trustee all property of the estate." With exceptions not here relevant, 11 U.S.C. §541(a)(1) defines property of the estate to include "all legal or equitable interests of the debtor in property as of the commencement of the case." In the present instance, Steven D. Borowiec commenced his bankruptcy case at 5:21 p.m. on October 17, 2007. Accordingly, his bankruptcy estate would include every interest that he would have had in property as of that moment. To the extent that the debtor made a pre-petition payment of real estate taxes, that transfer would have enhanced the equity of his homestead, which in this instance is fully exempt from administration in bankruptcy. But to the extent that no such transfer had yet occurred as of 5:21 p.m. on October 17, the bankruptcy estate would include the value of cash that was still in the debtor's checking account. Having claimed a homestead exemption, the debtor cannot now claim an exemption for such cash. N.Y. DEBT. & CRED.. §283 sub. 2 (McKinney 2001).

When moneys are paid by check, a transfer is deemed to occur for purposes of bankruptcy as of the moment that the drawee bank honors that check. Such was the holding of the Supreme Court in *Barnhill v. Johnson*, 503 U.S. 393 (1992). Although that

case involved the determination of date of transfer for purposes of preference litigation, its reasoning has equal application to the present instance:

> A person with an account at a bank enjoys a claim against the bank for funds in an amount equal to the account balance. Under the U.C.C., a check is simply an order to the drawee bank to pay the sum stated, signed by the maker and payable on demand. . . . Receipt of a check does not, however, give the recipient a right against the bank. The recipient may present the check, but, if the drawee bank refuses to honor it, the recipient has no recourse against the drawee.

503 U.S. at 398. Thus, the Court concluded "that no transfer of any part of the debtor's claim against the bank occurred until the bank honored the check." *Id.* at 399.

Section 1-201 of the Uniform Commercial Code states that "to honor" means "to pay or to accept and pay." N.Y.U.C.C. §1-201(21)(McKinney 2002). Pursuant to section 4-213 of the Uniform Commercial Code, a payor bank finally pays an item when the bank has "completed the process of posting the item to the indicated account of the drawer, maker or other person to be charged therewith." N.Y.U.C.C. §4-213(1)(c)(McKinney 2001). Accordingly, in the present instance, the payment to the Town of Hamburg occurred at 9 p.m., a time subsequent to the moment of bankruptcy filing at 5:21 p.m. Those funds were, therefore, property of the bankruptcy estate when Mr. Borowiec filed his bankruptcy petition.

The debtor's argument resonates not so much with respect to property rights of the bankruptcy estate, but with regard to remedy. Section 541(a)(4) of the Bankruptcy Code obligates a debtor to surrender all property of the estate. In recognition of this duty, the court has never hesitated to order a debtor to pay to a trustee the value of assets that the debtor has willfully dissipated subsequent to the filing of a bankruptcy petition. In the present instance, however, the debtor intended a pre-petition payment, and he has done nothing to interfere with the trustee's administration. Rather, without knowledge of the bankruptcy filing, a payor bank effected a transfer in a manner fully allowed by the Bankruptcy Code. Specifically, section 542(c) provides in relevant part that "an entity that

has neither actual notice nor actual knowledge of the commencement of the case concerning the debtor may transfer property of the estate . . . in good faith . . . to an entity other than the trustee, with the same effect as to the entity making such transfer or payment as if the case under this title concerning the debtor had not been commenced."

Under the present circumstances, the debtor has not violated any duty to the bankruptcy estate, and especially not the type of duty that this court could enforce under penalty of contempt. Having no present control over the transferred funds, the debtor has no ability to deliver that asset to the trustee. Nonetheless, Mr. Borowiec retains the benefit of the transfer, in that he enjoys an enhancement in the value of his exempt homestead. What the trustee really seeks, therefore, is not a delivery of estate property, but a quantum meruit recovery from the debtor for the value of a tax payment made in compliance with 11 U.S.C. §542(c).

Bankruptcy Rule 7001 establishes the general rule that a party must commence an adversary proceeding when seeking to recover money or property. Subdivision (1) of this rule recognizes an exception, however, for any "proceeding to compel the debtor to deliver property to the trustee." Notably, this exception extends not only to proceedings for a turnover of estate property, but to any proceeding to compel a debtor to deliver property to the trustee. Accordingly, the exception in Bankruptcy Rule 7001(1) would apply both to a turnover proceeding and to any other request by a trustee for the recovery of property from the debtor, such as under a theory of quantum meruit. Pursuant to Bankruptcy Rule 9014, in a contested matter not otherwise governed by the bankruptcy rules, a party may request relief by motion. Procedurally, therefore, the trustee may correctly seek by motion to recover property of any sort and under any theory from the debtor.

Although Trustee Schlant nominally requests a turnover of estate property, the essence of his motion seeks instead the recovery of $2,700 from the debtor. This distinction carries great significance. Section 521(a)(4) imposes a duty upon debtors to

turnover to the trustee all property of the estate. To the extent that a debtor persists in violating this duty even after a court order directing his or her compliance, that debtor may be subject to penalties of contempt. In contrast, the mere non-payment of a liability will warrant not the imposition of contempt penalties, but at most a simple judgment for moneys due and owing.

Consistent with the requirements of 11 U.S.C. §542(c), the debtor's bank here transferred the sum of $2,700 to the Town of Hamburg. Legitimately, therefore, the debtor no longer enjoys possession and control of this asset. For this reason, the court cannot order its turnover. Nonetheless, the debtor enjoys the benefit of that payment, in that it has enhanced the value of his homestead. For such unjust enrichment, the debtor is liable to the trustee. Accordingly, the trustee's motion is granted to the extent that judgment will be awarded to the trustee for the sum of $2,700.

The trustee has also requested an extension of time in which he or the United States Trustee may object to the debtor's discharge or may move for dismissal of this case. Because the trustee still awaits the turnover of other estate property, the court will grant this extension until thirty days after the debtor has delivered those assets. However, any such extension of time will not be linked to any satisfaction of the above mentioned judgment of $2700, in as much as that judgment derives from a simple liability of the debtor and not from any duty to surrender property under 11 U.S.C. §521(a)(4).

So ordered.

Dated: Buffalo, New York /s/ CARL L. BUCKI
November 5, 2008 Carl L. Bucki, U.S.B.J., W.D.N.Y.